UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 5:23-mc-00016-BO

FARHAD AZIMA,

    Plaintiff/Applicant,

v.

NICHOLAS DEL ROSSO and VITAL MANAGEMENT SERVICES, INC.,

    Defendant to underlying action.

Rule 45 Motion Related to
MDNC 1:20-CV-954

## APPLICATION FOR ORDER ENFORCING SUBPOENA DUCES TECUM

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Farhad Azima ("Azima") applies and moves to compel compliance by third-party American Express Company ("Amex") with the subpoena issued to Amex pursuant to Federal Rule of Civil Procedure 45. Amex has flatly refused to comply with a validly issued subpoena and has failed to meet the deadline it set for its own compliance. Amex's contempt for the judicial process should be rectified immediately with an order compelling immediate production.

### BACKGROUND

1. Farhad Azima is the victim of a criminal scheme orchestrated by Nicholas Del Rosso and his company, Vital Management Services, Inc. ("Defendants") to hack Azima's data, illegally obtain confidential business records and trade secrets, and leak those records and trade secrets in online posts from 2016 through 2019. As a result of this misconduct, Azima brought a civil suit against Defendants for misappropriation of trade secrets and related claims in the Middle District of North

Carolina in 2020 (*Azima v. Del Rosso, et al.*, No. 20-CV-954 (M.D.N.C. 2020) (the "Trade Secrets Action"). Discovery is ongoing, and Azima has served several third-party subpoenas on financial institutions to obtain bank and credit card records establishing Defendants' responsibility for the theft of and leak of his trade secrets.

2. Amex is one such financial institution from which Azima has sought relevant financial records. On January 23, 2023, Azima served a subpoena *duces tecum* on Amex through its registered agent in this District, which accepted service. (*See* Ex. 1 – subpoena duces tecum.) The subpoena seeks credit card statements and correspondence for an account used by Defendants to conduct business relevant to the hacking scheme. Amex was required under federal rules to respond or object to the subpoena by February 6, 2023, but failed to do so. Fed. R. Civ. P. 45(d)(2)(B).

3. On February 7, 2023, Amex sent Plaintiff a form letter that acknowledged receipt of the subpoena and indicated that it was "experiencing a high volume of subpoena requests and it may take up to sixty (60) calendar days from the date [AmEx] received the subpoena to generate the requested documents." (*See* Ex. 2 – Amex correspondence.) At no point in its letter did Amex note substantive objections to the subpoena or indicate that it would not produce responsive documents. On February 8, 2023 (the next day), Defendants in the Trade Secrets Action filed a motion to quash the subpoena to AmEx in the Middle District of North Carolina, despite having no legal standing to challenge the third-party subpoena and failing to file the motion in the proper court – the Eastern District of North Carolina, the court in which subpoena compliance is required.

2

4. The 60 days referred to in Amex's letter passed on March 23, 2023, without any production of documents or further response from Amex. Azima's counsel contacted Amex multiple times by email and voicemail in the ensuing days to no avail. (Ex. 3). On March 29, Azima's counsel emailed Amex to inquire about the company's failure to respond to the subpoena. *Id.* The next day, Amex replied to Plaintiff's counsel with a form email stating that Plaintiff's "request is under process and [Amex] will reach out to [Plaintiff] once this matter is fulfilled." *Id.* On April 3 and 5, 2023, Azima's counsel again contacted Amex by email and asked when Amex intended to produce documents. Receiving no reply, on April 7, 2023, Plaintiff's counsel requested a meet and confer in advance of this motion to compel. *Id.*

5. On April 11, 2023, Plaintiff's counsel engaged in a meet and confer with Amex's legal staff by phone and raised Amex's non-compliance with the subpoena in advance of this motion to compel. During this meet and confer, Amex stated – for the very first time – that it would not produce any documents to Plaintiff until Defendants' February 8, 2023, motion to quash Plaintiff's subpoena to Amex was fully adjudicated. Plaintiff's counsel responded that Amex's position lacked any legal support under either court rulings in the Trade Secrets Action or Rule 45. Amex then requested that Plaintiff's counsel provide a copy of the docket in the Trade Secrets Action and anything else supporting Plaintiff's argument.

6. Immediately following this meet and confer, Azima's counsel again explained to Amex by email that Defendants' improperly-filed motion to quash did not obviate Amex's obligation to produce responsive documents and provided both a

3

copy of the Trade Secrets Action case docket and an analysis of Rule 45. *See* Ex. 3. Azima's counsel further warned that Azima would be forced to file a motion to compel if Amex did not comply with its subpoena requirements. Azima's counsel has received no substantive response from Amex. Having exhausted any direct recourse with Amex, Plaintiff now moves to compel production by Amex.

## ARGUMENT

### A. Amex Cannot Justify Its Total Noncompliance and Has Waived Any Ability to Object to the Subpoena.

7. Under the Federal Rules of Civil Procedure ("Federal Rules"), failing to a comply with a subpoena is a serious and sanctionable violation. Fed. R. Civ. P. 45(g) ("The court ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *Id.* at 45(d)(2)(B) (stating that objections to subpoenas to produce documents "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served").

8. A party issuing a subpoena may move for an order compelling discovery if the recipient fails to comply. *Id.* at 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."); *see also Cunningham v. Wells Fargo & Co.*, No. 19-CV-00528, 2022 WL 109002, at *3-*4 (W.D.N.C. Jan. 11, 2022) (expenses imposed pursuant to Fed. R. Civ. P. 37 for failure to comply with discovery, including deposition and document subpoenas).

9. Amex has relevant, non-privileged documents, including documents related to funds Defendants received in exchange for the misconduct alleged in the

4

complaint; Plaintiff is entitled to it; and Amex has refused to provide it. Fed. R. Civ. P. 26, advisory committee's note to 1983 amendment ("The purpose of discovery is to provide a mechanism for making relevant information available to the litigants."). *See Johnson v. N. C. Dep't of Just.*, No. 16-CV-00679, 2018 WL 5831997, at *13 (E.D.N.C. Nov. 7, 2018) ("If the objection applies to only a part of the request, it must produce responsive documents that are not subject to the objection.").

10. Even after Amex unilaterally extended its deadline to comply with the subpoena, Amex has not produced documents or made any objections. Furthermore, Amex's failure to timely object to the subpoena results is a waiver of any objections it would, or could, have raised. This Court has consistently ruled that "[t]he failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections." *Long v. City of Concord*, No. 21-CV-201, 2022 WL 16916368, at *2 (E.D.N.C. Nov. 14, 2022) (collecting cases); *see also* Fed. R. Civ. P. 45(d)(2)(B) (noting that objections must be made with specificity in order to preserve the same); *Am. Fed'n v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015) (extending Rule 34's specificity requirements for objections to a non-party's objections to a document subpoena). Here, Amex has not even made the effort to serve general objections. Thus, they have waived any objections to the Subpoena.

11. In summary, Amex has stonewalled, ignored Plaintiff's correspondence, and failed to produce any documents in response to the subpoena. Nor has Amex objected in any way to the scope of the subpoena. Instead, Amex refuses to engage in any discussion regarding the subpoena or its failure to produce documents. The Rules

do not permit Amex to ignore a lawfully issued subpoena. The Court should order Amex to produce documents which would further illuminate Defendants' wrongdoing, shed light on the millions of dollars Defendants received in connection with the misconduct alleged in the complaint, and provide other information relevant to Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the Court should order Amex to produce documents in response to the Subpoena.

This, the 17th day of April, 2023.

        **WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ripley Rand* / by, Scott D. Anderson
Ripley Rand
North Carolina Bar No. 22275
Jonathon Townsend
North Carolina State Bar No. 51751
Christopher W. Jones
North Carolina Bar No. 27625
555 Fayetteville Street, Suite 1100
Raleigh, N.C. 27601
Phone: 919-755-2100
Fax: 919-755-2150
Email:   ripley.rand@wbd-us.com
            chris.jones@wbd-us.com
            jonathon.townsend@wbd-us.com

6

**MILLER & CHEVALIER CHARTERED**

Kirby D. Behre (*pro hac vice*)
Lauren E. Briggerman (pro hac vice)
Timothy P. O'Toole (*pro hac vice*)
Joseph Rillotta (*pro hac vice*)
Ian Herbert (*pro hac vice*)
Calvin Lee (*pro hac vice*)
Cody Marden (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email:    kbehre@milchev.com
            lbriggerman@milchev.com
            totoole@milchev.com
            jrillotta@milchev.com
            iherbert@milchev.com
            clee@milchev.com
            cmarden@milchev.com

*Counsel for Applicant*